(No. 94-CC-2267—■■■■■■■■)

RICHARD BLACK, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed April 11, 1996.*
*Order on Petition for Rehearing filed August 5, 1996.*

RICHARD BLACK, *pro se*, for Claimant.

JIM RYAN, Attorney General (JAMES DORAN, Assistant Attorney General, of counsel), for Respondent.

## OPINION

RAUCCI, J.

This cause comes before the Court on Claimant Richard Black's complaint seeking damages in the sum of $500,000 for breach of contract by Respondent State of Illinois. Claimant alleges that Illinois State University (hereinafter ISU) withdrew his enrollment in a class, Sociology 210, without authority and without affording him procedural safeguards. The complaint states that ISU discriminated against Claimant "an African American by involuntarily withholding his enrollment in Sociology 210 for participating in robust discussions with David Eaton, a white."

A hearing was conducted on April 13, 1995, at which Claimant appeared and testified. Mr. Black stated that he was enrolled in Sociology 210 and was forced to withdraw without procedural safeguards. The instructor had presented a three-dimensional depiction of health. After the instructor asked for criticism, Claimant said "that it sounded like hogwash." The class was conducted by ISU at Pontiac Correctional Center (hereinafter PCC). He did not pay any fees or other money in relation to the course.

Claimant stated on cross-examination that the incident took place in February 1989, and that he graduated

from ISU in December 1993. He filed a grievance with the Student's Judicial Office at ISU. He was told that he was removed from the class by prison officials. The decision was appealed pursuant to appeal procedure at ISU and was affirmed in the fall of 1990. ISU denied any responsibility for the withdrawal. Claimant believes the instructor had him removed from the list. Later, Will Davis, an employee of ISU and a class coordinator at PCC told Claimant that he could no longer attend the class. He told Claimant that he was intimidating his instructors. He was attending the class and another one in communications. Claimant indicated that Mr. Davis attempted to have him removed from the communication class, but after some discussion he remained.

Claimant believes that this is a case of discrimination because he had had a heated discussion with Dwight Brooks, the African American instructor of the communication course, but was not removed from that class. The instructor of Sociology 210, David Eaton, is white.

Claimant argued that he was not afforded any procedural safeguards. The ISU catalog specifies that any instructor observing or suspecting misconduct of a student must first read the student a statement of rights. This was not done. If the problem cannot be resolved informally, then the instructor is to write a formal disciplinary report. The student handbook specifies that a student is not to be removed from a class or denied permission to attend unless his attendance would endanger life or property. Claimant did not have a copy of the student catalog or the student handbook with him.

Claimant argued that the Illinois School Code provides that the Illinois Department of Corrections (hereinafter Department) is in control of the school room and only the department can say who is admitted, not ISU.

He requested damages in the sum of $25,000 because an educational opportunity was withdrawn from him and his rights were violated.

The departmental report was made a part of the record. The record was left open to allow Claimant to provide a copy of his grievance letter from ISU, a copy of the student handbook and the pertinent provisions of the School Code.

Claimant cites sections 13—43.11 and 13—43.12 of the Illinois School Code (105 ILCS 5/13—43.11 and 5/13—43.12), for the purpose of demonstrating that only the Department had the authority to remove him. An October 27, 1989, letter addressed to Claimant indicated that the Student Grievance Committee denied his grievance. The letter, signed by the Acting Associate Director of the Student Judicial Office Annex or ISU, also stated that:

"The investigating team found that the decision to bar you from the classroom was punishment established by the correctional institution. Professor David Eaton did not request that you be removed from the class nor did he participate in the decision to bar you from any future courses."

In a November 1, 1989, letter to the Student Code Enforcement and Review Board, Claimant appealed the denial of his grievance. He stated that Professor David Eaton did point the accusing finger at him and supplied misinformation about his conduct in class. The letter states that the Committee's finding that the decision to exclude him was made by the Department was incorrect because Wilbert Davis, an ISU advisor and supervisor, stated that he made the decision to exclude Claimant, based upon an accusation by Eaton. He stated that the Committee ignored that he was also enrolled in a communication class but was only prevented from attending Eaton's class. He complained that the Committee did not interview him or Mr. Davis.

In a January 8, 1990, letter to Claimant, the president of ISU indicates that the appeal was denied by the Review Board.

The provisions of the handbook appear to establish a Student Code of Conduct and indicates that ISU applies disciplinary sanctions for violations of expressed regulations. The procedures to be followed when a student is charged with violations of the expressed regulations are stated.

Respondent has not filed a brief. Respondent filed a departmental report that is hundreds of pages in length and contains numerous documents that are not relevant and is not organized in any fashion, i.e., chronologically. The report is of no assistance in determining this case. Respondent has not enunciated its positions.

In order to prove his breach of contract complaint, Claimant has the burden of establishing by a preponderance of the evidence that a contract was in existence. (*Hanifi v. State* (1993), 46 Ill. Ct. Cl. 131, 141.) The Claimant has failed to establish the existence of a contract between him and ISU. There are no documents in the record that could be interpreted as providing the terms of a contract between Claimant and ISU. Claimant's testimony, that he did not pay any fee or money to attend the Sociology 210 class, indicates that no consideration was provided by Claimant for the right to attend the class.

Claimant did not provide any statutory citations or other legal authority to indicate that he possessed contractual rights in relation to the class. Claimant has not established the facts of his removal, nor has he provided any documents that ordered or directed him to be removed from the class. We are constrained to deny Claimant's claim.

148

It is therefore ordered, adjudged and decreed that this claim is dismissed and forever barred.

## ORDER

RAUCCI, J.

This cause coming on to be heard on the Claimant's petition for rehearing, the Court being fully advised in the premises, the Court finds:

The petition for rehearing should be denied.

It is therefore ordered that the Claimant's petition for rehearing is denied.